UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NICOLAS LUNA LOPEZ,                    )
                                       )
                   Petitioner,         )
                                       )
        v.                             )    No. 2:26-cv-00284-JPH-MKK
                                       )
WARDEN in his official capacity as     )
Warden of the Clay County Justice      )
Center, *et al.*,                      )
                                       )
                   Respondents.        )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Mr. Nicolas Luna Lopez is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on March 22, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Luna Lopez now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing "by a neutral Immigration Judge" pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 21; dkt. 9 at 14-17.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on May 8, 2026**, Respondents must either: (1) afford Mr. Luna Lopez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Luna Lopez from custody, under reasonable conditions of supervision.

## I.    Background

Mr. Luna Lopez is a citizen of Mexico who entered the United States without inspection in 2009. Dkt. 6-1 at 2. On March 21, 2026, Greensburg police

1

arrested Mr. Luna Lopez for operating a motor vehicle without ever receiving a license. *Id.* at 3. On March 22, ICE detained Mr. Luna Lopez pursuant to an administrative warrant (Form I-200) and initiated removal proceedings by serving him with a Notice to Appear (Form I-862). *Id.* at 6, 9.

The Notice to Appear charges Mr. Luna Lopez with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not possessing required documentation. *Id.* at 6. The "arriving alien" checkbox is unmarked. *Id.* at 5.

## II.    Discussion

Mr. Luna Lopez claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), relevant bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 at 17-21. Respondents argue that Mr. Luna Lopez is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A), that applicable regulations have not been violated, and that his detention is does not violate due process. Dkt. 6.

The Court finds that Mr. Luna Lopez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Luna Lopez is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on—
> >
> > > (A) bond . . . ; or
> > >
> > > (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may

secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. §

1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Luna Lopez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Luna Lopez is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Luna Lopez who have lived in the interior of the United States for years. *See Alejandro v. Olson,* No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen,* Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.,* No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi,* No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[1] *See, e.g., Alejandro,* 2025 WL 2896348, at *14-19.

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro,* 2025 WL 2896348, at *14–19; *Jackson Rizo,* No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

The Respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). Dkt. 6 at 11-12 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that " in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and *Avila* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[2] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Citing *Castañon-Nava*, the Second Circuit

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

recently reached the same conclusion in *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).

There, the Second Circuit rejected the government's argument and adopted the reasoning set forth in *Castañon-Nava*: "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4. The court went on to conclude that "because Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at *6.

Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Luna Lopez, *i.e.*, arresting him inside the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Mr. Luna Lopez, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Also, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 166 F.4th at 500 ("DHS

encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . .  DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). In *Avila*, the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *Avila*, 170 F.4th at 1132. These facts are also different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), *withdrawn & superseded*, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Luna Lopez was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez*, *Avila*, and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Luna Lopez's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief.  The Court therefore concludes that Mr. Luna Lopez is entitled to a bond hearing under § 1226.

### III.    Scope of Relief

Mr. Luna Lopez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States."

8

28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Luna Lopez requests immediate release from custody or, in the alternative, an individualized bond hearing "by a neutral Immigration Judge" where the government bears the burden of establishing by clear and convincing evidence that Mr. Luna Lopez poses a danger to the community or is a flight risk. Dkt. 1 at 21; dkt. 9 at 14-17. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Here, the Court finds that it would not be in the interests of justice to order Mr. Luna Lopez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

Last, Mr. Luna Lopez asks the Court to order that the government bear the burden of proof at the bond hearing. The Court finds this aspect of Mr. Luna Lopez's petition premature. The only issue before the Court is whether Mr. Luna Lopez is being held in violation of the Constitution or laws of the United States. The Court has determined that § 1225(b)(2)(A) does not apply to Mr. Luna Lopez and that his detention is authorized only by § 1226(a). The Court has therefore ordered Respondents to either provide Mr. Luna Lopez an individualized bond hearing under § 1226(a) and its regulations or release him. Should Mr. Luna Lopez still be detained after Respondents have certified

9

to the Court that they have complied with the Court's order, he may file a motion for the Court to enforce judgment if he has a good-faith basis to believe that his continued detention is unlawful.

### IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on May 8, 2026**, Respondents must either: (1) provide Mr. Luna Lopez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Luna Lopez from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on May 11, 2026**, Respondents must file documentation certifying that they have provided Mr. Luna Lopez with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 5/5/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

10